[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15664
Non-Argument Calendar
_____

D. C. Docket No. 02-00497-CV-JOF-1

TOM JAMES COMPANY,

Plaintiff-Counter-
Defendant-Appellee
Cross-Appellant,

versus

WALTER LOUIE MORGAN, JR.,
Individually and
d.b.a. Benchmade Clothing of
Atlanta, a sole proprietorship, et al.,

Defendant-Appellant
Cross-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 22, 2005)

**ON PETITION FOR REHEARING**

Before ANDERSON, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Our opinion in this case issued on June 7, 2005. In this petition for panel rehearing, Tom James Company requests that we rehear its cross appeal with respect to the narrow issue of disgorgement of Walter Louie Morgan, Jr.'s profits. The petition for panel rehearing is GRANTED. We vacate our prior opinion in this appeal and substitute the following opinion, in which we have made substantive changes to section II.B. and conclude that the denial of disgorgement of Morgan's profits should be vacated and remanded to the district court.

Defendant Walter Louie Morgan, Jr. ("Morgan") seeks review of the district court's January 14, 2004, order of civil contempt, and its September 28, 2004, order awarding attorney's fees and costs to Plaintiff Tom James Co. ("Tom James"). Tom James also appeals the district court's September 28, 2004, order awarding attorney's fees and costs.

I.  **Background**

Morgan is a former sales employee of Tom James Co., a men's business and business casual clothing retailer. Morgan worked for Tom James for approximately fifteen years before he left the company to start his own business, Benchmade Clothing of Atlanta. Since ending his employment with Tom James Co., Morgan has contacted and made sales to customers whom he previously

serviced while employed by Tom James. As a result, on February 21, 2002, Tom James sued Morgan for alleged violations of covenants not to compete and not to disclose confidential information and trade secrets. In December of 2002, Tom James and Morgan amicably resolved the suit by entering into a Settlement Agreement and Release. Additionally, Morgan agreed and consented to an injunction that was prepared and submitted to the court by Tom James. The district court entered the injunction on December 20, 2002. Pursuant to the terms of the injunction, Morgan was "enjoined, until December 12, 2004, from directly or indirectly soliciting, for the sale of clothing and wardrobe accessories of the sort he sold for [Tom James], those customers of [Tom James] as to whom he was paid a sales commission while employed by [Tom James], . . . [and is further enjoined] from directly or indirectly selling such clothing and wardrobe accessories to any such customers even in the absence of any solicitation."

In September 2003, Tom James, alleging that Morgan had violated the injunction, filed a motion for criminal and civil contempt. Over several days in November and December of 2003, the district court held an evidentiary hearing on the motion. During the lengthy evidentiary hearing, the district court, citing *Young v. U.S. ex rel Vuitton et Fils, SA*, 481 U.S. 787 (1987), suspended the criminal contempt proceedings, and proceeded only with the civil contempt proceedings.

As evidence that Morgan violated the injunction, Tom James offered the testimony of five men who originally were customers of Morgan when he was employed by Tom James and had continued to be customers of Morgan after he terminated his employment with Tom James.

In its January 14, 2004, order ("contempt order"), the district court found Morgan in civil contempt, ordered Morgan to pay nominal damages of $500.00 ($100.00 per each of the five customer witnesses) plus attorney's fees, and declined to award compensatory damages or equitable relief to Tom James. In accordance with the terms of the contempt order, Tom James submitted a fee petition in which it requested $115,375.20 in attorney's fees and $26,917.86 in costs. After reviewing the attorney's fees and costs incurred, the district court awarded Tom James $76,917.00 in attorney's fees and $5,324.08 in costs.

## II.    Discussion

Morgan asserts that the district court's finding of civil contempt constitutes reversible error. Alternatively, Morgan claims that the district court awarded Tom James an excessive amount of attorney's fees and costs. Tom James, on the contrary, argues that the amount of attorney's fees and costs awarded was not sufficient.

### A.    Civil Contempt

"A finding of civil contempt must be based on clear and convincing evidence that a court order was violated." *Jove Eng'g v. I.R.S.*, 92 F.3d 1539, 1545 (11th Cir. 1996) (citation and internal quotation omitted). This standard is more exacting than the preponderance of the evidence standard, but does not require proof beyond a reasonable doubt. *See id.*

We review the district court's determination of civil contempt for abuse of discretion. *Howard Johnson Co., Inc. v. Khimani,* 892 F.2d 1512, 1516 (11th Cir.1990) (citing *Afro-American Patrolmen's League v. City of Atlanta,* 817 F.2d 719, 723 (11th Cir.1987)). "A district court abuses its discretion when it misconstrues its proper role, ignores or misunderstands the relevant evidence, and bases its decision upon considerations having little factual support." *Arlook v. S. Lichtenberg & Co., Inc.,* 952 F.2d 367, 374 (11th Cir.1992). Morgan argues numerous grounds on which we should find that the district court abused its discretion in finding him in civil contempt.

1. The Injunction

Morgan first argues that the December 20, 2002, injunction is unenforceable because it is vague, ambiguous, and overly broad. Rule 65 of the Federal Rules of Civil Procedure requires that an injunction be "specific in terms" and describe "in reasonable detail the acts sought to be restrained." Nevertheless, we "do not set

aside injunctions under Rule 65(d) unless they are so vague that they have no reasonably specific meaning." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1203 (11th Cir. 2001) (internal quotations omitted). In other words, "the inquiry should be whether the parties subject to the injunctive order understood their obligations under the order." *Williams v. City of Dothan, Ala.*, 818 F.2d 755, 761 (11th Cir. 1987).

Morgan asserts that the injunction did not explain with specificity what actions were enjoined, and is broader in scope than the relief Tom James originally requested in the complaint. We note, however, that Morgan voluntarily agreed to be bound by the terms of the injunction as part of the settlement agreement negotiated to amicably resolve the suit Tom James filed against Morgan. In return, Tom James agreed to dismiss with prejudice its claims against Morgan. Moreover, Morgan was represented by counsel in this bargained for exchange. At no point prior to the contempt proceeding did Morgan complain to the court about the adequacy of the terms of the injunction or seek to have it modified. Accordingly, at this point, any objection to the specific terms of the injunction is deemed waived. *See Combs v. Ryan's Cole Co., Inc.*, 785 F.2d 970, 979 (11th Cir. 1986).

Nevertheless, even if Morgan had not waived his objections to the injunction, the injunction is not vague, ambiguous, or overly broad. Pursuant to

6

the terms of the injunction, Morgan was prohibited for a period of approximately two years from selling "clothing and wardrobe accessories of the sort he sold" while employed by Tom James to the customers to whom he sold while employed by Tom James. Morgan worked at Tom James for over fourteen years and was familiar with the clothing sold by that company such that he should understand his obligations under the injunction. Further, the relief resulting from the injunction does not exceed the scope of the relief requested in the complaint. Nonetheless, even if it did, the voluntary injunction is enforceable. *See Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (court may issue an agreed upon injunction providing for broader relief than available pursuant to the terms of the complaint so long as the agreement is "within the general scope of the case made by the pleadings" and does not "conflict[] with or violate[] the statute upon which the complaint was based"). Since the injunction was not vague, ambiguous, or overly broad, we will not reverse the district court's order of civil contempt on these grounds.

   2.   Exclusion of Evidence

Morgan appeals the district court's exclusion of the testimony of two of his experts and evidence regarding the differences between the clothing that he sold while at Tom James and after leaving Tom James. Rather than permit the experts

7

to testify, the district court permitted Morgan to submit a written proffer of their testimony. For these evidentiary rulings to be reversible, Morgan must not only show that the error was an abuse of the district court's discretion, but also that he was prejudiced by the omission. *See Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002). Morgan has shown neither. Thus, we will not reverse the district court on these evidentiary rulings.

### 3. Sufficiency of the Evidence

Morgan asserts that Tom James failed to prove with clear and convincing evidence that the clothing Morgan sold after December 20, 2002, violated the terms of the injunction. Specifically, Morgan alleges that Tom James should have admitted samples of the clothing at issue into evidence during its case in chief. Notably, any alleged failure on the part of Tom James was cured when Morgan himself entered samples of the clothing sold by him as well as clothing sold by Tom James into evidence during his defense. Moreover, the district court had the benefit of voluminous testimony, including that of Tom James's former customers. Based on this testimony and other evidence, the district court did not abuse its discretion in finding that Tom James had proven a violation of the injunction with clear and convincing evidence.

### B. Damages Award

Ultimately, the district court awarded Tom James nominal damages in the amount of $500.00, attorney's fees in the amount of $76,917.00, and costs in the amount of $5,324.08. Both Morgan and Tom James dispute this damages award.

"[S]anctions in civil contempt proceedings *may* be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Local 28, Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 443, 106 S. Ct. 3019, 3033 (1986) (internal quotations omitted) (emphasis added). We give the district court broad discretion in fashioning sanctions for civil contempt. *See Khimani*, 892 F.2d at 1519.

Morgan argues that the district court's award of attorney's fees and costs should be reversed because Tom James' fee request is unreasonable. Specifically, Morgan alleges that Tom James exercised poor billing judgment and maintained improper and inaccurate billing records. We note that the district court has "wide discretion" in awarding fees and costs. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). While we agree that Tom James's billing records are not a good model for filing a successful fee petition, we do not find that the amount of attorney's fees and costs, with the exception of investigative costs discussed *infra*, rises to the level of reversible error.

9

In its cross appeal, Tom James requests that we reverse the district court's award of attorney's fees and remand so that the district court can award additional damages. First, Tom James asserts that the district court erred in holding that lost revenues and disgorgement of profits are not recoverable in civil contempt proceeding. We disagree with Tom James's assessment that the district court misconstrued its power to award lost revenue as damages. At no point did the district court state that lost revenue was not recoverable as civil contempt sanctions. On the contrary, the district court exhibited that it was fully aware of its discretion to award such damages, but ultimately determined that Tom James had not presented sufficient evidence to merit damages for lost revenue. This decision is well within the district court's wide discretion and does not constitute reversible error.

With regard to disgorgement of Morgan's profits, we reach a different conclusion. Having reviewed the transcripts of the contempt hearing and the January 14, 2004 contempt order, it appears that the district court's interpretation of its inherent power to order disgorgement of Morgan's profits as a civil contempt sanction is ambiguous. We review *de novo* a district court's decision that it does not have the legal authority to award a particular type of contempt sanction. *See EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1515 (11th Cir. 1987). To the

extent that the district court did not think that the disgorgement of Morgan's profits was within its power to award as a civil contempt sanction, the district court erred. Accordingly, we vacate the portion of the district court's January 14, 2004, order relating to the disgorgement of Morgan's alleged profits, and remand so that the district court may exercise its broad discretion in awarding civil contempt sanctions. Of course, implicit in this broad discretion to award civil contempt sanctions is the discretion to choose not to award disgorgement of any alleged profits.

Second, Tom James argues that it presented sufficient evidence that the district court should have awarded it lost profits due to Morgan's violations of the injunction. Again, such a determination of compensatory damages is within the district court's wide discretion. Having reviewed the evidence proffered by Tom James, we will not disturb the district court's denial of recovery for alleged lost profits.

Third, Tom James claims that the district court erred in disallowing reimbursement for $16,966.50 in investigative expenses. Specifically, Tom James asserts that the district court erred in its belief that Rule 54(d) and 28 U.S.C. § 1920 restricted its inherent authority to award expenses as a sanction for contempt such that investigative fees were unrecoverable as a matter of law.

11

In awarding costs as a sanction for contempt, the district court is not bound by § 1920's list of costs that may be taxed pursuant to a final judgment. *See Sheila's Shine Products, Inc. v. Sheila Shine, Inc*, 486 F.2d 114, 130-31 (5th Cir. 1973).[1] Instead, the district court, in its discretion, may exercise its "wide power . . . to impose fines for disobedience to its orders." *Id.* In this case, the district court concluded that Tom James could not recover its investigative costs pursuant to Rule 54(d) and § 1920. This narrow interpretation of its inherent power to sanction was an error. Of course, as we stated above, implicit in the district court's inherent power to award contempt sanctions is also the district court's inherent power to decline to award reimbursement for these investigative expenses. Thus, we vacate the denial of investigative expenses and remand to the district court so that it may exercise its inherent power and broad discretion with an understanding that it is not restricted by Rule 54(d) and § 1920.

III.   **Conclusion**

We have carefully and thoroughly reviewed the record, the hearing transcripts, the briefs of the parties, and the relevant orders of the district court. With the exception of the denial as a matter of law of the disgorgement of

---

[1]In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Morgan's profits and recovery for investigative expenses, we find no reversible error, and affirm the orders of the district court. We vacate the district court's denial of disgorgement of Morgan's profits and investigative expenses, and remand to the district court for consideration of the propriety of awarding these damages to Tom James.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**